**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 07 2016

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

# UNITED STATES DISTRICT COURT
Eastern District of Arkansas

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | |
| BRADLEY WYATT ROW | ) | Case Number: 4:12CR00148 JLH |
| | ) | USM Number: 27112-009 |
| | ) | Stephen Jones and Hubert Alexander |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  Count 3 of Indictment

☐ pleaded nolo contendere to count(s)
 which was accepted by the court.

☐ was found guilty on count(s)
 after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 2252(a)(4)(B) | Possession of child pornography, a Class C felony | 7/12/2011 | 3 |

   The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)  Counts 1 and 2 of Indictment  ☐ is  ☑ are dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

7/7/2016
Date of Imposition of Judgment

_____
Signature of Judge

J. Leon Holmes, United States District Judge
Name and Title of Judge

7/7/2016
Date

Judgment — Page __2__ of __6__

DEFENDANT: BRADLEY WYATT ROW
CASE NUMBER: 4:12CR00148 JLH

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**TIME SERVED**

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: BRADLEY WYATT ROW
CASE NUMBER: 4:12CR00148 JLH

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
FIVE (5) YEARS

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

- ☒ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

- ☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 10/15) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page __4__ of __6__

DEFENDANT: BRADLEY WYATT ROW
CASE NUMBER: 4:12CR00148 JLH

# ADDITIONAL SUPERVISED RELEASE TERMS

14) The probation office will provide state officials with all information required under any sexual predator and sexual offender notification and registration statutes and may direct the defendant to report to these agencies personally for required additional processing, such as an interview and assessment, photographing, fingerprinting, polygraph testing, and DNA collection.

15) The defendant must participate in sex offender treatment under the guidance and supervision of the probation office and abide by the rules, requirements, and conditions of the treatment program, including submitting to polygraph testing to aid in the treatment and supervision process. The defendant will be required to pay all or part of the cost of treatment based upon his ability to pay as determined by the probation officer. The defendant must abstain from the use of alcohol throughout the course of supervision and submit to testing.

16) The defendant may not directly or indirectly contact the victim(s) by any means, including in person, by mail, electronically, telephonically, or via third parties. The defendant must remain at least 100 yards from the victim(s) at all times. If any contact occurs, the defendant must immediately leave the area of contact and report the contact to the probation office.

17) The defendant may not purchase, possess, subscribe, view, listen to, or use any media forms containing pornographic images or sexually oriented materials including but not limited to written, audio, and visual depictions, such as pornographic books, magazines, literature, videos, CD's, DVD's, digital media or photographs. This includes materials containing "sexually explicit conduct" as defined in 18 U.S.C. § 2256(2).

18) The defendant must agree to the installation of computer monitoring software and hardware approved by the probation office. The defendant will be required to pay all or part of the cost based upon his ability to pay as determined by the probation officer. The defendant must abide by the rules and requirements of the program and consent to unannounced examinations of all computer equipment internal and external storage devices which may include retrieval and copying of all data from the computer(s) and any internal and external peripherals and removal of such equipment for the purpose of conducting a more thorough inspection by the probation office or probation service representative.

19) The defendant may not participate in online gaming or utilize or maintain any memberships or accounts of any social networking website or websites that allow minor children membership, a profile, an account, or webpage, without the approval of the probation office. This includes websites that explicitly prohibit access or use by sex offenders.

20) The defendant must submit his person and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to a search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions pursuant to 18 U.S.C. § 3583(d).

21) The defendant must participate disclose business and personal financial information upon the request of the probation office.

DEFENDANT: BRADLEY WYATT ROW
CASE NUMBER: 4:12CR00148 JLH

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 100.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| TOTALS | $ 0.00 | $ 0.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: BRADLEY WYATT ROW
CASE NUMBER: 4:12CR00148 JLH

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☒ Lump sum payment of $ 100.00 due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
    See attached Final Order of Forfeiture entered on December 17, 2014.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA

v.   No. 4:12CR00148 JLH

BRADLEY WYATT ROW

## FINAL ORDER OF FORFEITURE

Before the Court is the United States motion for final order of forfeiture (Dkt. 37). On September 23, 2014, this Court entered a Preliminary Order of Forfeiture, ordering Defendant to forfeit his interest in the following property:

A. One Hitachi Travelstar hard disk drive 80 GB, Serial Number: WD-XNGJVG66;

B. One Toshiba hard disk drive 100 GB, Serial Number 15465189S; and

C. One iPhone 3G, unknown Serial Number.

(collectively "property subject to forfeiture").

The United States published notice of this forfeiture and the United States' intent to dispose of the property in accordance with the law as specified in the Preliminary Order. *See* Notice of Publication (Dkt. 36). The United States posted its notice on the forfeiture website, internet address of www.forfeiture.gov for 30 consecutive days beginning on September 24, 2014 and ending on October 23, 2014. Further, the United States also made reasonable efforts to identify and give direct notice of this forfeiture to all persons who reasonably appear to have standing to contest this forfeiture in an ancillary proceeding, but no such person was identified. No one has filed a claim to the property subject to forfeiture, and the time for filing claims has expired.

Now the United States petitions the Court to enter a Final Order of Forfeiture, which will vest all right, title, and interest in the United States. The United States also asks this Court to authorize the United States Marshal or his designee to dispose of the property according to law.

It is hereby ordered that the property subject to forfeiture is forfeited to the United States. It is further ordered that all right, title, and interest in the property subject to forfeiture is hereby vested in the United States of America and shall be disposed of according to law. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

IT IS SO ORDERED this __17th__ day of December 2014.

_____
HONORABLE J. LEON HOLMES
United States District Judge